IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Respondent,*<br><br>vs.<br><br>SHANE A. PITMAN,<br><br>*Petitioner.* | Case No. 17-10034-03-EFM |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Shane A. Pitman's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 169). Although stylized as a § 2255 motion, Pitman does not seek to vacate, set aside, or correct his sentence, but rather requests that the Court ensure time Pitman spent in federal custody—while serving a state sentence—is credited to him. Because Pitman's motion is not a proper request for relief under § 2255, the Court denies Pitman's motion.

### I.    Factual and Procedural Background

On June 20, 2017, while Pitman was an inmate in the custody of the Kansas Department of Corrections, the United States filed a Superseding Indictment against Pitman and five co-defendants on various federal charges. On July 7, 2017, while still serving his state sentence, Pitman was moved into federal custody pending resolution of his federal charges. Pitman eventually entered a guilty plea, and this Court sentenced Pitman to 24 months' imprisonment for

violation of 18 U.S.C. § 1028A on January 11, 2018. The Court ordered that Pitman's federal sentence was to run consecutive to his active state sentence. Now, proceeding pro se, Pitman argues that his time served from July 2017 through January 2018 has not been credited toward his federal sentence and requests that the Court credit him that time.

## II.     Legal Standard

Section 2255(a) of Title 28 of the U.S. Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioners seeking relief under § 2255 must allege facts that, if proven, would warrant relief from their conviction or sentence.[1] Upon receipt of a § 2255 motion, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2]

## III.    Analysis

At the outset, the Court concludes that it does not have jurisdiction to entertain Pitman's motion. Although this Court has jurisdiction under 28 U.S.C. § 2255 to consider collateral attacks upon sentences it has imposed, § 2255 is not applicable to attacks on the execution of the sentence.[3]

---

[1] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1469 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc).

[2] 28 U.S.C. § 2255(b).

[3] *Sandusky v. Goetz*, 944 F.3d 1240, 1247 (10th Cir. 2019) ("Because Sandusky's petition was challenging only the execution of his sentence, his proper avenue for relief was § 2241 and not § 2255."); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of

Here, Pitman does not assert a constitutional violation or an illegal sentence. Rather, Pitman expresses concern that his time served from July 2017 through January 2018 was not properly credited to his federal sentence. This concern is outside the purview of a § 2255 motion, and thus, the Court must deny Pitman's motion.[4]

Understanding Pitman's concerns, however, the Court notes that even if the Court had jurisdiction to consider Pitman's motion, Pitman's claim would fail. The time Pitman spent in federal custody pending resolution of his federal case was credited to Pitman's state sentence. Because Pitman received state credit for that time, Pitman cannot now receive credit on his federal sentence for the same period of time for which he received credit from the Kansas Department of Corrections.[5]

### IV.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[6] A petitioner satisfies this burden if "reasonable jurists would find the district

---

a sentence . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence . . . .") (internal citations omitted).

[4] Because Pitman's motion conclusively shows that Pitman is not entitled to relief under § 2255, the Court need not hold an evidentiary hearing. 28 U.S.C. § 2255(b).

[5] *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."); *see also Isles v. Chester*, 2009 WL 1010553, at *4 (D. Kan. 2009) ("In this case, the time Isles served prior to his sentencing on August 27, 2002, was credited against his Missouri sentences. Therefore, the BOP was statutorily precluded from granting him prior custody credit toward his federal sentence for that time.").

[6] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1)(B).

court's assessment of the constitutional claims debatable or wrong."[7] For the reasons explained above, Pitman has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 169) is **DENIED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 22nd day of October, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).